UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RYAN BONNALIE, a single man,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF WEST RICHLAND, a municipal corporation; WILLIAM LEACH,<br><br>　　　　　Defendants. | NO. CV-10-5001-EFS<br><br>**ORDER GRANTING AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO COMPLY WITH FRCP 8(a)(2)** |

　　　Before the Court, without oral argument, is Defendants City of West Richland and William Leach's Motion to Dismiss Plaintiff's Complaint for Failure to Comply with FRCP 8(a)(2), which argues that the Complaint contains insufficient factual allegations regarding Defendants' conduct. (Ct. Rec. 6.)  Plaintiff Ryan Bonnalie opposes the motion and alternatively seeks leave to file an amended complaint. After reviewing the submitted material and relevant authority, the Court is fully informed. For the reasons given below, the Court grants and denies in part Defendants' motion.

**A.　Standard**

　　　Federal Rule of Civil Procedure 8(a)(2) requires the complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  "[T]he pleading standard Rule 8

ORDER * 1

announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Thus, when accepting the alleged facts as true and construing all inferences from them in the light most favorable to the plaintiff, the complaint must "'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability" fails to satisfy the "plausible" standard. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, a court need not accept a plaintiff's legal conclusions as true. *Id.* Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Twombly*, 550 U.S. at 555). If the complaint is found deficient, leave to amend is to be freely given when justice so requires. Fed. R. Civ. P. 15(a).

**B.   Application and Analysis**

With this standard as its guide, the Court reviews the Complaint. Plaintiff alleges that City of West Richland Police Officer William Leach "wrongfully placed the plaintiff under arrest, assaulting him in the process and thereafter falsely imprisoning him." (Ct. Rec. 1-2 p.2.) On the basis of this conduct, Plaintiff alleges the following claims: assault, battery, false arrest, false imprisonment, negligence, gross negligence, wonton/wilful misconduct, intentional infliction of mental distress, negligent infliction of mental distress, tort of outrage, violation of Washington Constitution Article 1 §§ 3, 7, 14, and 32, and violation of 42 U.S.C. § 1983.

ORDER ~ 2

Rule 8 requires the Court to focus on the Complaint's factual allegations, not its legal conclusions. The only factual allegations contained in the Complaint are:

- Plaintiff is a U.S. citizen and a resident of Benton County;
- Defendant City of West Richland is a municipal corporation incorporated under Washington laws;
- Officer Leach is a City of West Richland Police Officer and resident of Benton County;
- Plaintiff was arrested by Officer Leach on July 4, 2009, during which physical contact occurred;
- Plaintiff suffered injury, which was caused by the City of West Richland Police Department's policies, customs, and procedures; and
- The City of West Richland has not responded to Plaintiff's timely-filed statutory claim.

After drawing all possible inferences from these accepted-as-true facts, the only claims that plausibly state a claim to relief are assault,[1] battery,[2] false arrest,[3] false imprisonment,[4] Washington Constitution Article 1 §§ 3 and 7, and 42 U.S.C. § 1983. The Complaint is devoid of sufficient facts to plausibly support the asserted negligence,[5] gross

---

[1] *Washington v. Tyler*, 138 Wn. App. 120, 130 (2007).

[2] *Bundrick v. Stewart, M.D.*, 128 Wn. App. 11, 18 (2005).

[3] *Bender v. City of Seattle*, 99 Wn.2d 582, 590-91 (1983).

[4] *Id.*

[5] 6 Wash. Prac., Civ. Jury Instr. 10.01 (5th ed. 2009).

ORDER * 3

negligence,[6] wonton/wilful misconduct,[7] negligent infliction of mental distress,[8] outrage/intentional infliction of emotional distress,[9] and Washington Constitution Article 1 §§ 14 and 32 claims.

Plaintiff submits that the Court should also consider the facts alleged in the Claim for Damages (Ct. Rec. 13-1) served on the City of West Richland on October 12, 2009, and referenced in the Complaint: "The plaintiff has timely filed claims against the City of West Richland, Washington, in accordance with the provisions of R.C.W. Chap. 4.96, to which defendant has not responded." (Ct. Rec. 1-2 p. 5.) Although a court may not generally consider material beyond the pleadings when addressing a motion to dismiss, information that is incorporated into the complaint may be considered. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010); *Fort Vancouver Plywood Co. v. United States*, 747 F.2d 547, 552 (9th Cir. 1984). Information is incorporated into the complaint if 1) the complaint necessarily relies upon a document or the document's contents are alleged in the complaint, 2) the document's authenticity is not in question, and 3) the document's relevance is not disputed. *Coto Settlement*, 593 F.3d at 1038. "But the mere mention of the existence of a document is insufficient to incorporate the contents

---

[6] *Id.* Instr. 10.07.

[7] *Id.* Instr. 14.01.

[8] *Hegel v. McMahon*, 136 Wn.2d 122, 132, 135 (1976).

[9] 6 Wash. Prac., Civ. Jury Instr. 14.03 (5th ed.); *see also Kloepfel v. Bokor*, 149 Wn.2d 192, 194 n.1 (2003).

ORDER * 4

of a document." *Id.* The Claim for Damages satisfies the latter two requirements, but fails to satisfy the first requirement.

The Claim for Damages is relevant because Plaintiff was statutorily required to file a claim for damages before bringing a civil action for damages against the City of West Richland and Officer Leach. RCW 4.96 *et seq.* In addition, there appears to be no basis to challenge the document's authenticity. Nonetheless, the Complaint does not necessarily rely upon the Claim for Damages and, in fact, cannot because the Claim for Damages was prepared after the incident upon which the Complaint is based. In addition, the Claim for Damages' contents are not alleged in the Complaint. Accordingly, the Claim for Damages is not "incorporated by reference" for purposes of analyzing the motion to dismiss. *See United States v. Ritchie*, 342 F.3d 903 (9th Cir. 2003) (determining that district court should not have considered petition sent to DEA even though it was mentioned in the administrative-forfeiture-proceeding "complaint").

Therefore, the Court finds the Complaint's factual allegations insufficient to support all of the asserted claims. The Court determines, however, that leave to amend should be granted.

**C. Conclusion**

Accordingly, for the reasons given above, **IT IS HEREBY ORDERED**:

1. Defendants' Motion to Dismiss Plaintiff's Complaint for Failure to Comply with FRCP 8(a)(2) **(Ct. Rec. 6)** is **GRANTED IN PART** (negligence, gross negligence, wonton/wilful misconduct, negligent infliction of mental distress, outrage/intentional infliction of emotional distress) **AND DENIED** (other claims survive) **IN PART**.

ORDER * 5

2.   Plaintiff is given leave to file an amended complaint **no later than April 16, 2010**.

**IT IS SO ORDERED**.  The District Court Executive is directed to enter this Order and provide a copy to counsel.

**DATED** this ____30th_____ day of March 2010.


                         S/ Edward F. Shea
                         EDWARD F. SHEA
                    United States District Judge

Q:\Civil\2010\5001.dismiss.wpd

ORDER * 6